Tyiwon **WILSON** a/k/a Tommy Lewis Weaver, Appellant,

v.

**STATE of Texas, Appellee.**

No. 07–94–0341–CR.

Court of Appeals of Texas, Amarillo.

May 11, 1995.

Rehearing Overruled June 13, 1995.

Roderique S. Hobson, Jr., Lubbock, for appellant.

William C. Sowder, Dist. Atty., Michael West, Assistant Criminal Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

1. Appellant was charged pursuant to the provisions of the 1992 version of section 481.112(b) of the Texas Health and Safety Code, which classified as a first degree felony the knowing or intentional delivery of a substance weighing, in the aggregate, less than twenty-eight grams.

REYNOLDS, Chief Justice.

Pursuant to a plea-bargain agreement, appellant Tyiwon Wilson a/k/a Tommy Lewis Weaver pleaded guilty to, and was found guilty of, the offense of delivery of a controlled substance of less than 28 grams, and his punishment was assessed at confinement for ten years. Filing a proper notice to appeal from the denial of his pretrial motion for sentencing under the amended version of the statute he was charged with violating, appellant argues by two points of error that the trial court erred in its denial. We will overrule the points and affirm.

Charged by indictment with the offense of delivery of a controlled substance of less than 28 grams, alleged to have been committed on 1 June 1994,[1] appellant appeared before the trial court in November of that year to enter his plea. Prior to commencing the plea proceedings, the trial court entertained appellant's "Motion for Sentencing Under Senate Bill 1067, Acts 1993, Ch. 900 73rd Legislature," which bill included, *inter alia,* amendments, effective 1 September 1994, to the Texas Health and Safety Code and the Texas Penal Code. Articles one and two of the Senate Bill[2] reclassified the offense of which appellant was convicted from a first degree felony (for delivery of a controlled substance less than 28 grams), Texas Health & Safety Code Annotated section 481.112(b) (Vernon 1992), to a state jail felony (for delivery of a controlled substance less than one gram), Texas Health & Safety Code Annotated section 481.112(b) (Vernon Supp.1995), and, correspondingly, reduced the punishment for the offense from a range of five years to life, Texas Penal Code Annotated section 12.32 (Vernon 1994), to a range of 180 days to two years. Tex.Penal Code Ann. § 12.35 (Vernon 1994).

■ Articles one and two of Senate Bill 1067 concluded with a "saving provisions" clause which pronounced:

Tex.Health & Safety Code Ann. § 481.112(b) (Vernon 1992).

2. Article one of Senate Bill 1067 amended portions of the Penal Code, and article two modified sections of the Health and Safety Code.

(a) The change in law made by this article applies only to an offense committed on or after the effective date of this article. For purposes of this section, an offense is committed before the effective date of this article if any element of the offense occurs before the effective date.

(b) An offense committed before the effective date of this article is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

Act approved June 19, 1993, 73rd Leg., R.S., ch. 900, §§ 1.18 & 2.08, 1993 Tex.Gen.Laws 3586, 3714.[3] Denying appellant's motion, the court expressed the opinion "that the law [did] not allow for sentencing pursuant to the new statute for an offense committed prior to September 1st, 1994."

Thereafter, appellant and the State stipulated that on 1 June 1994, appellant "delivered to Bill Bates cocaine, the net weight of which was one gram or under." Recognizing that the stipulated delivery of a controlled substance less than *one* gram would bring the offense charged within the state jail felony classification under the amended statute had it been committed after 1 September 1994, the court nonetheless reiterated its denial of appellant's motion for sentencing under the amended statute, and appellant plead guilty to the offense.

By the prosecution of this appeal, appellant asserts that (1) "the trial court erred by refusing to grant [his] motion, upon a plea of guilty, to be sentenced under Senate Bill 1067, Acts 1993, Ch. 900, 73rd Legislature and changes in the penal code and punishments, thereunder," and (2) the trial court violated his constitutional rights under the Fourteenth Amendment of the United States Constitution by refusing to sentence him under the amended statutory provisions. We disagree.

■ Under his initial assertion, appellant argues that the "saving provisions" clause of the Code Construction Act, Texas Government Code Annotated section 311.031 (Vernon 1988), mandates that his sentence be determined in accordance with the revised version of the statute under which he was convicted. In pertinent part, that clause provides:

If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

Tex.Gov't Code Ann. § 311.031(b) (Vernon 1988). Following his argument, as we perceive it, to its logical conclusion, appellant would have us hold that the general "saving provisions" clause of the Code Construction Act preempts the application of the specific "saving provisions" clause of Senate Bill 1067. We are not persuaded by the argument.

Though the Code Construction Act applies to all reenactments, revisions, amendments, and repeals of any of the Texas codes, the Act's general savings clause is inapplicable to the amended Health and Safety and Penal Codes, because specific savings clauses were provided by the legislature in Senate Bill 1067 to address the application of those amendments. *See Ex Parte Mangrum*, 564 S.W.2d 751, 755 (Tex.Cr.App.1978). By including the "saving provisions" clauses, recorded above, at the conclusion of articles one and two of the Senate Bill, the legislature expressed its clear intention that the "old law" would remain in effect to govern the disposition of cases involving offenses committed prior to 1 September 1994, the effective date of the amended statutes.

It is undisputed that appellant committed the offense of which he now stands convicted on 1 June 1994, exactly three months before the amended versions of the pertinent Health and Safety and Penal Code provisions came into effect. Consequently, the trial court properly applied the "old" versions of section 481.112(b) of the Health and Safety Code and

---

**3.** We note that the "saving provisions" clause has not been included in the codification of Senate Bill 1067; however, in instances such as the present one in which a provision of a code conflicts with a statute enacted by the same legislature, the statute controls. Tex.Gov't Code Ann. § 311.031(c) historical note (Vernon Supp.1995) [Act of Mar. 1 1989, 71st Leg., R.S., ch. 1, § 1, 1989 Tex.Sess.Law Serv. 1].

section 12.32 of the Penal Code at the plea hearing and in assessing appellant's punishment.

Furthermore, it is axiomatic that when two statutes conflict, the specific controls over the general, particularly when the specific provision is the later enactment. Tex.Gov't Code Ann. § 311.026(b) (Vernon 1988); *City of Dallas v. Mitchell,* 870 S.W.2d 21, 22–23 (Tex.1994). Therefore, since the general provision of the Government Code conflicts with the specific "saving provisions" clause of the later enacted Senate Bill 1067, the specific clause provided by the Senate Bill still prevails. Appellant's first point of error is overruled.

As we discern appellant's argument under his second point, he contends that by applying the "old law" in the disposition of his case, the trial court denied him equal protection of the law in violation of his federal and state constitutional rights. We disagree.

 At the outset, we concur in the State's assessment that appellant, in the cursory paragraph which comprises his argument under this point, "has failed to offer any authority to support his proposition that he has been denied a constitutional right." Consequently, his argument does not comport with Rule 74(f), Texas Rules of Appellate Procedure, which requires that his appellate brief contain "such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." Standing alone, this is sufficient to justify overruling his second point of error. *Burks v. State,* 876 S.W.2d 877, 910 (Tex.Cr.App. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995). Nevertheless, we will address his argument.

 Generally, legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest. *Jackson v. State,* 807 S.W.2d 387, 390 (Tex.App.—Houston [14th Dist.] 1991, pet'n ref'd). In order to successfully claim denial of equal protection of the law on the basis of unreasonable classification, an accused must prove the existence of a class of which he is a part and unreasonable discrimination. *Russell v.*

*State,* 665 S.W.2d 771, 777 (Tex.Cr.App.1983), *cert. denied,* 465 U.S. 1073, 104 S.Ct. 1428, 79 L.Ed.2d 752 (1984). In other words, in the absence of class discrimination, an otherwise even-handed statute will survive an equal protection challenge. *Beck v. State,* 583 S.W.2d 338, 344 (Tex.Cr.App.1979).

 Although appellant argues that "[i]t is unconstitutional for two citizens in the same courtroom charged with the same offense to be subject to differing ranges of punishment merely because one of the defendants committed the offense before midnight on August 31, 1994," his argument implicates neither a denial of equal protection nor any class discrimination. Indeed, insofar as the record shows, appellant was tried and sentenced in the same manner as all criminal defendants who committed similar offenses prior to 1 September 1994, the effective date of the revised Health and Safety and Penal Codes, and his trial and punishment comported with the directives of the "saving provisions" clause of Senate Bill 1067. Appellant's second point of error is overruled.

The judgment is affirmed.