**Samuel DELGADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–95–00007–CR.**

Court of Appeals of Texas,
El Paso.

Oct. 5, 1995.

Rehearing Overruled Oct. 25, 1995.

Matthew DeKoatz, El Paso, for appellant.

Jaime E. Esparza, District Attorney, El Paso, for the State.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

LARSEN, Justice.

Pursuant to a plea bargain agreement, appellant Samuel Delgado pleaded guilty to, and was convicted of, burglary of a vehicle. In a single point of error, Delgado asserts that the trial court erred in denying his pretrial motion for sentencing under the amended version of the statute he was charged with violating. We affirm.

### FACTS

Delgado was indicted for burglary of a motor vehicle alleged to have been committed on September 6, 1993. Delgado appeared before the trial court on December 6, 1994 to enter his plea. Prior to commencing the plea proceedings, the trial court denied Delgado's motion for sentencing in accordance with the Penal Code provisions effective September 1, 1994. The trial court then accepted Delgado's plea of guilty and sentenced him to two years confinement.

### SENTENCING UNDER PENAL CODE IN EFFECT WHEN OFFENSE COMMITTED

The 1993 amendments to the Penal Code, effective September 1, 1994, reclassified the offense of burglary of a vehicle from a third-degree felony to a class A misdemeanor. *Compare* Acts 1973, 63rd Leg., R.S., ch. 399, § 30.04(c), 1973 Tex.Gen.Laws 927 *with* TEX.PENAL CODE ANN. § 30.04(c) (Vernon 1994). Correspondingly, punishment for the offense was reduced from a term of confinement of two to ten years to confinement not to exceed one year. TEX.PE-NAL CODE ANN. §§ 12.21(2), 12.34(a) (Vernon 1994). In amending the Penal Code, the legislature specifically provided that an offense committed before the effective date of the amendments is governed by the law in effect when the offense was committed. Acts 1993, 73rd Leg., R.S., ch. 900, § 1.18(b), 1993 Tex.Gen.Laws 3705. Accordingly, the amendments apply only to offenses committed on or after September 1, 1994. *Perry v. State,* 902 S.W.2d 162, 163 (Tex.App.—Houston [1st Dist.] 1995, no pet. h.).

Delgado argues that § 311.031 of the Code Construction Act nevertheless entitles him to be sentenced in accordance with the revised version of the statute under which he was convicted. Section 311.031 provides for sentencing under an amended statute where the amendment reduces the punishment for an offense if punishment has not yet been imposed. TEX.GOV'T CODE ANN. § 311.031(b) (Vernon 1988). This general savings clause,

however, conflicts with the specific savings provision of the later enacted legislation amending the Penal Code and is therefore inapplicable. TEX.GOV'T CODE ANN. § 311.026(b) (Vernon 1988); *Wilson v. State,* 899 S.W.2d 36, 38–39 (Tex.App.—Amarillo 1995, no pet. h.).

Delgado also contends that imposing sentence in accordance with the pre-revision Penal Code violates his equal protection rights under the federal and state constitutions. Delgado argues that "[i]t is unconstitutional for two citizens in the same courtroom and charged with the very same offense to be subjected to differing ranges of punishment merely because one of them committed the offense before midnight on August 31, 1994." This argument fails to raise an equal protection claim. *See Wilson,* 899 S.W.2d at 39. Delgado was tried and sentenced in the same manner as all criminal defendants who committed similar offenses prior to September 1, 1994, the effective date of the revised Penal Code, and his trial and punishment comported with the directive of the savings provision included in that legislation. *Id.*

### CONCLUSION

Delgado committed the offense of burglary of a vehicle on September 6, 1993, nearly one year before the effective date of the amendments. Consequently, the trial court properly applied the pre-revision version of the Penal Code at the plea hearing and in assessing punishment. *Accord Perry,* 902 S.W.2d at 163; *Wilson,* 899 S.W.2d at 38–39. Delgado's point of error is overruled and the judgment of the trial court affirmed.