**Raul Pecina CASTANEDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–95–00210–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 20, 1995.

Rehearing Overruled Nov. 22, 1995.

---

Allen F. Cazier, Law Offices of Allen Cazier, San Antonio, for Appellant.

Steven C. Hilbig, Criminal District Attorney, Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before RICKHOFF, L. LOPEZ and HARDBERGER, JJ.

## OPINION

PER CURIAM.

Appellant entered a plea of guilty to a charge of unauthorized use of a vehicle and received deferred adjudication. Appellant thereafter entered a plea of true to a violation of probation. The trial court adjudicated his guilt and sentenced him to ten years confinement. In a single point of error, appellant contends that the court erred in denying appellant's election to be sentenced under the amended penal code because his guilt had not been adjudicated before the amendment took effect. We affirm.

The date of the offense to which appellant pleaded guilty was January 22, 1993. At that time, unauthorized use of a vehicle was a third degree felony subject to a term of imprisonment of not more than ten years or less than two years. *See* Act approved June 19, 1993, 73rd Leg., R.S., ch. 900, sec. 1.01, 1993 Tex.Gen.Laws 3586, 3603, 3640 (illustrating prior classification of offense as third degree felony). Effective September 1, 1994, this offense became a state jail felony, subject to a term of confinement of not more than two years or less than 180 days. Act approved June 19, 1993, 73rd Leg., R.S., ch. 900, sec. 1.01, 1993 Tex.Gen.Laws 3586, 3603, 3640. The legislature, in amending the penal code and creating state jail felonies, specifically provided:

(a) The change in law made by this article applies only to an offense committed on or after the effective date of this article. For purposes of this section, an offense is committed before the effective date of this

article if any element of the offense occurs before the effective date.

(b) An offense committed before the effective date of this article is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

Act approved June 19, 1993, 73rd Leg., R.S., ch. 900, sec. 1.18, 1993 Tex.Gen.Laws 3586, 3705. The effective date of the amendment was September 1, 1994. Act approved June 19, 1993, 73rd Leg., R.S., ch. 900, sec. 1.19(a), 1993 Tex.Gen.Laws 3586, 3705.

There is no dispute that the offense for which appellant was convicted was committed prior to the effective date of the relevant amendment to the penal code. Thus, it is governed by the law in existence at that time. The fact that appellant was not actually convicted prior to the date of the amendment is irrelevant. Also, appellant's citations to general code construction provisions, public policy, and a "general statement of law," are defeated in light of the specific, unambiguous, and express intent of the legislature that the amendment apply only to offenses committed after its effective date. The trial court did not err in sentencing appellant for commission of a third degree felony rather than a state jail felony. *See Perry v. State,* 902 S.W.2d 162 (Tex.App.—Houston [1st Dist.] 1995, review refused) (possession of controlled substance prior to amendment of Health & Safety Code subject to sentencing as second degree felony not state jail felony); *Wilson v. State,* 899 S.W.2d 36 (Tex.App.—Amarillo 1995, review refused) (possession of controlled substance prior to amendment of Health & Safety Code subject to sentencing as first degree felony not state jail felony).

Appellant also urges that equal protection requires that he be sentenced under the reduced punishment scheme. His argument, in its entirety, is that "[i]t is unconstitutional for two citizens in the same courtroom charged with the very same offense to be subjected to differing ranges of punishment merely because one of the defendants committed the offense before midnight on August 31, 1994." We first note that appellant did not raise this purported constitutional violation in a separate point of error and that he has completely failed to offer any analysis or authority to support his conten-

tion. Merely calling the matter to our attention is not sufficient to present error for review. *McWherter v. State,* 607 S.W.2d 531, 536 (Tex.Crim.App.1980); *see also Burks v. State,* 876 S.W.2d 877, 910 (Tex.Crim.App. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995).

In any event, appellant's contention lacks merit. The exact same argument (differing only in two words) was rejected by the Amarillo Court of Appeals in *Wilson v. State,* 899 S.W.2d 36 (Tex.App.—Amarillo 1995, pet. filed July 19, 1995). That court noted that the argument "implicates neither a denial of equal protection nor any class discrimination." *Id.* at 39. Appellant has not demonstrated that he was treated in any manner different from all other criminal defendants who committed unauthorized use of a vehicle prior to the effective date of the amendment to the penal code. *See id.* The sentencing scheme utilized by the trial court does not violate equal protection.

For all the foregoing reasons, appellant's sole point of error is overruled. The judgment is affirmed.