UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

No. 95-10732
Summary Calendar

MARIO CHAVEZ,

Petitioner-Appellant,

versus

GARY JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas

February 6, 1996
Before WIENER, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner Chavez appeals the district court's dismissal of
his petition for a writ of habeas corpus under 28 U.S.C. § 2254.
Finding no error, we affirm.


I. FACTS

Mario Chavez was convicted for possession of less than 28
grams of heroin and is serving a life sentence (enhanced because
of two prior felony convictions for theft and possession of a
controlled substance) in the custody of the Texas Department of

---

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Criminal Justice, Institutional Division.  This appeal is from the dismissal of Chavez' second federal petition for a writ of habeas corpus.  His first petition was dismissed because Chavez had not exhausted his state remedies as to all issues.  After exhausting his state remedies, Chavez filed the instant habeas petition.

The magistrate judge recommended that the petition be dismissed with prejudice and the district judge adopted the magistrate's findings and conclusions.  Chavez filed a notice of appeal, pro se, and the district court issued a certificate of probable cause.

## II. DISCUSSION

On appeal, Chavez argues that the district court erroneously dismissed his claims that his trial counsel rendered ineffective assistance and that because he was not resentenced under an amended sentencing scheme he was denied his constitutional right to equal protection.

Issue 1:

Chavez contends that his trial counsel rendered ineffective assistance.  In order to prove that his counsel was ineffective, Chavez must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  To show deficient performance, Chavez must

overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. "[T]he `prejudice' component of the Strickland test . . . focusses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 844, 122 L. Ed. 2d 180 (1993). A court need not address both components if the petitioner makes an insufficient showing on one. Strickland, 466 U.S. at 697. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Black v. Collins, 962 F.2d 394, 401 (5th Cir.), cert. denied, 504 U.S. 992 (1992) (internal quotations and citation omitted).

Chavez identified approximately 30 individual instances of alleged attorney error. Chavez asserted these thirty incidents as independent bases for concluding that his attorney rendered ineffective assistance. Chavez also argued that these thirty errors substantiate his main claim--that defense counsel's performance was ineffective because he was a drug addict and was under the influence of drugs during the trial.

The affidavit of Jerry Johnson, who represented Chavez, was filed in the state habeas proceeding. Johnson attested:

3

In 1989, I represented Mario Chavez in Tom Green County, Texas.  Mr. Chavez was charged by indictment with Possession of a Controlled Substance.  The case was tried to a jury before Judge John Sutton.  At no time, during any of the proceedings, was I under the influence of alcohol, controlled substances or any other drug which would affect my ability to represent Mr. Chavez.

Judge Sutton made the following statement in his affidavit:

At no time during the trial of Mr. Chavez was there anything said or done by Mr. Jerry Johnson to cause me to have a concern that he was under any type of influence.  I am of the opinion that Mr. Jerry Johnson was not under the influence of alcohol or any other substance.

The state habeas judge made the following observations and

findings:

Since the undersigned judge took the bench in 1975 attorney Jerry Johnson tried numerous cases before me. He had a unique style of trial tactics, which was very demanding, at times aggravating, upon the presiding trial judge, but most effective when it came to defending his clients.  He was a competent lawyer who not infrequently, either by reading or continuing legal education, acquainted himself with new developments of the law generally before they became known and used by the criminal defense bar.  Using such "advance notice" he planned his strategy that his trial record would show error when he later appealed the case.

As part of his trial strategy he would readily stipulate or appear to stipulate and try to disprove an essential element of the State's case.  An adverse ruling by the trial judge would not deter him to attempt to offer the same evidence later in hopes of getting it admitted.  Feigning lack of understanding to a ruling or evidence not to his liking was one of his most effective tools; and he would do this in such manner and with such expertise that it was impossible to prove he was not acting in good faith.  In short from a trial judge's standpoint he was not an easy lawyer to have try a case.  He frequently tried the judge's patience to the point of near frustration.

I have read the record, particularly the thirty-odd instances referred to, and I find nothing in the record which would distinguish this case from any others tried

4

by attorney Jerry Johnson.  While I do not recommend his tactics to the bar as examples to be emulated, and I personally find some of these tactics reprehensible, I specifically do not find anything in this record which would justify the assumption or conclusion that these enumerated instances are any evidence that Jerry Johnson was under the influence of drugs during the trial of this case.

Accordingly, I find that Jerry Johnson was not under the influence of any drugs or chemical substances during the trial of this case . . . .

Chavez' habeas application was denied by the Texas Court of Criminal Appeals without written order on findings of the trial court without a hearing.

Findings of fact by a state court are entitled to a presumption of correctness by federal courts.  Sumner v. Mata, 449 U.S. 539, 544-47, 101 S. Ct. 764, 66 L. Ed. 2d 722 (1981); 28 U.S.C. § 2254(d).  The presumption applies to both explicit and implicit findings.  Loyd v. Smith, 899 F.2d 1416, 1425 (5th Cir. 1990).  Although a state court's determination whether counsel rendered ineffective assistance involves a mixed question of law and fact, Black, 962 F.2d at 401, the state court's determination of historical facts pertinent to ineffective-assistance-of-counsel claims are subject to the § 2254(d) presumption.  Lincecum v. Collins, 958 F.2d 1271, 1279 (5th Cir.), cert. denied, 113 S. Ct. 417 (1992).

The district court held that the state court's finding that Johnson was not impaired by alcohol or drugs was presumptively correct.  Chavez contends that the district court improperly applied the presumption of correctness because the state court did not hold a live evidentiary hearing.  To the extent that

5

Chavez seeks to rebut the presumption of correctness, Chavez "bears the burden under § 2254(d) of proving by `convincing evidence' that the factual determinations by the state court were erroneous."  Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993) (citation omitted).

"[A] presumption of correctness will not apply to a state court finding of fact if the factfinding procedure employed by the state court was not adequate to afford a full and fair hearing."  Armstead v. Scott, 37 F.3d 202, 207 (5th Cir. 1994) (citing 28 U.S.C. § 2254(d)(2)), cert. denied, 115 S. Ct. 1709 (1995).  A federal court may also abandon the presumption of correctness when the state court's findings are not fairly supported by the record or when material facts were not developed adequately by the state court.  Sumner, 449 U.S. at 544-45; 28 U.S.C. § 2254(d)(3) and (8).  A state court's findings, based solely on affidavits, i.e., a paper hearing, have been held to constitute an adequate hearing under § 2254(d).  May v. Collins, 955 F.2d 299, 313 (5th Cir.), cert. denied, 504 U.S. 901 (1992).  The presumption of correctness has attached to state-court findings after a paper hearing on claims of ineffective assistance of counsel.  See Lincecum, 958 F.2d at 1279.  Generally, "it is necessary to examine in each case whether a paper hearing is appropriate to the resolution of the factual disputes underlying the petitioner's claim."  May, 955 F.2d at 312.

In his affidavit, Chavez argues, Johnson denied that he was impaired during the trial only and did not discuss or rebut Chavez' individual ineffective-assistance claims. Chavez speculates, "Perhaps counsel was not using drugs or alcohol `during' the trial (in the day time?) but what about after court had adjourned, and at night? Did counsel use drugs at night and have a `hang over affect' [sic] the next day during trial." Chavez contends that Johnson dozed-off during the trial, that Chavez was a close personal friend of Johnson, and that Chavez knew Johnson to be a drug-abuser. Johnson was a capable criminal-defense attorney, Chavez argues. The only explanation for the numerous errors committed by Johnson is that he was impaired during the trial. Chavez argues that he did not have an opportunity to determine whether Johnson had lied in his affidavit to avoid additional legal problems related to his drug abuse. Chavez also argues that the state trial judge's affidavit should be discredited because he was not in a position to observe whether Johnson had dozed off. Chavez attributes Johnson's erratic behavior to his long-term drug abuse.

Subsumed in Johnson's statement that he was not under the influence of drugs or alcohol during his trial is the fact that Johnson was not hung over by drug and alcohol abuse which occurred when court was not in session. Johnson's affidavit is corroborated by the affidavit of the trial judge. Chavez is not in a position to state what the trial judge did, or did not, observe and his personal knowledge of Johnson's drug abuse, as a

7

general matter, does not provide convincing evidence that the state court erred in determining that Johnson was not impaired during the trial.

As the magistrate judge noted, the conclusion that Johnson was not impaired during the trial "does not exclude consideration of the claims of ineffective assistance of counsel without reference to any particular cause." On appeal, Chavez briefed some but not all of the claims raised in the district court. Issues which are not briefed on appeal are waived. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). The particular ineffective assistance issues which Chavez has briefed are discussed below.

Chavez contends that Johnson rendered ineffective assistance in failing to object to his warrantless arrest. If Johnson had challenged the arrest at a preliminary stage, Chavez argues, the evidence against Chavez would have been thrown-out as fruit of the poisonous tree and he would not have been convicted. This argument is without merit. The state appellate court found the following:

> The instant prosecution followed the execution, by San Angelo police, of a search warrant for the residence of Gilbert Pena. When the police arrived at Pena's residence, Pena, his wife Maria, their three children, and appellant were present. Appellant was in the living room vacuuming the floors when the police arrived; he did not attempt to flee or struggle with the officers. Appellant did not appear to the officers to be intoxicated or under the influence of any controlled substance, nor did he have any contraband on his person. One officer did, however, notice needle puncture marks on his arms. During the search, two people arrived, stating that they had come to see appellant.

8

In a northeast bedroom of the house, in plain view on a table, was found heroin, methamphetamine and marihuana, as well as drug paraphernalia. Also found in the bedroom were mail addressed to appellant, a grand jury indictment charging him with an offense, photographs of appellant, a laundry basket with men's clothing in it, piles of men's clothing on the floor and on the bed, and a pair of glasses (at the time of the search, appellant was not wearing glasses, although he was wearing them at the time of trial).

The State also introduced proof, offered and accepted for the limited purpose of showing appellant's knowledge of what heroin was, that he had a prior conviction for possession of heroin.

The magistrate judge reasoned that Chavez was not convicted on the basis of evidence seized as a result of the arrest. Instead, the evidence was seized pursuant to a lawful search warrant. Accordingly, the magistrate judge found that Chavez had failed to demonstrate that the attorney's failure to object to the lawfulness of the arrest was prejudicial. Chavez merely argues that his arrest was illegal and does not suggest why the magistrate judge's findings were erroneous.

Chavez also argues that his attorney rendered ineffective assistance by stipulating that heroin, drug paraphernalia, and posed homosexual pictures of Chavez were found in the house. Chavez argues that the jury could reasonably have interpreted this stipulation as an admission of guilt. This issue is without merit. The magistrate judge noted that Johnson's trial strategy was to show a lack of connection between Chavez and the contraband--that Chavez was not in possession of the contraband. The stipulation was "part of an obvious and appropriate trial strategy."

9

Chavez argues that his attorney rendered ineffective assistance because his cross-examination of police officer Barry Alwine consisted of the statement "Hi Barry" only. Chavez does not suggest why he was prejudiced by this tactic, only that the incident is indicative of Johnson's drug abuse.

Chavez argues that Johnson rendered ineffective assistance in failing to object to the trial court's reasonable doubt instruction--the trial court failed to define the term "reasonable doubt." In its charge to the jury, the trial court explained the meaning of intent, knowledge, and possession and charged the jury:

> [I]f you believe from the evidence beyond a reasonable doubt that . . . Mario Saldana Chavez, did knowingly or intentionally possess a controlled substance, to-wit, heroin . . . you will find the defendant guilty as charged in the indictment.
>
> If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty.
>
> Before you would be warranted in convicting the defendant, you must find from the evidence beyond a reasonable doubt that the exhibits introduced in evidence by the State are heroin, and you must also find beyond a reasonable doubt that the defendant voluntarily had the same in his possession.
>
> The mere presence of the defendant, Mario Saldana Chavez, at the place of the alleged offense would not constitute possession by said defendant, and should you find from the evidence beyond a reasonable doubt that said defendant was present, but you further find and believe from the evidence, or have a reasonable doubt thereof, that said defendant did not have knowledge of and possession of the heroin, if any, than you will find the defendant not guilty.

As the magistrate judge correctly noted, the Constitution does not require trial courts to give a definition of reasonable doubt

10

in instructing the jury.  See Victor v. Nebraska, 114 S. Ct.

1239, 1243, 127 L. Ed. 2d 583 (1994).  This issue fails both

prongs of the Strickland test because Chavez cannot show that his

attorney's failure to object to the instruction was

professionally unreasonable or that he was prejudiced by the lack

of an objection.

Chavez argues that his attorney rendered ineffective

assistance in failing to object to the state's comment on Chavez'

failure to testify and in failing to request a corrective

instruction.  In closing, the state argued:

> Let's talk a little bit about what Mr. Johnson had to
> say before we turn to the rest of my argument.  The
> defense doesn't have any burden.  They don't have a
> burden a bit.  But they do have subpoena power, and
> they can call witnesses.  That's their choice.  They
> don't have to, but they sure can.  They sure can call
> witnesses if they--someone wants to testify that Mario
> Chavez lived somewhere else.  They sure can call
> someone to testify that he wasn't living there on that
> occasion.  It's their choice.  They don't have to, but
> they sure can.  Under Mr. Johnson's theory of criminal
> justice, I guess nobody can ever be found "guilty" of
> anything unless they confess.

The magistrate judge found that Johnson's failure to object to

this argument was not professionally unreasonable because the

argument could not be construed as a direct comment on Chavez'

failure to testify and was not improper.

> The Fifth Amendment prohibits a prosecutor from
> commenting directly or indirectly on a defendant's
> failure to testify in a criminal case.  The test for
> determining if a constitutional violation has occurred
> is whether the language used was manifestly intended or
> was of such character that the jury would naturally and
> necessarily take it to be a comment on the failure of
> the accused to testify.  And, the comments complained
> of must be viewed within the context of the trial in

> which they are made.  Reversal is not warranted unless
> the improper comment had a clear effect on the jury.

United States v. Montoya-Ortiz, 7 F.3d 1171, 1178-79 (5th Cir. 1993) (internal citations and quotations omitted); see Montoya v. Collins, 955 F.2d 279, 286 (5th Cir.) (habeas), cert. denied, 113 S. Ct. 820 (1992).  While a prosecutor may not comment on a defendant's failure to testify, he may comment "on the failure of the defense, as opposed to the defendant, to counter or explain the evidence."  United States v. Borchardt, 809 F.2d 1115, 1119 (5th Cir. 1987); see also Montoya, 955 F.2d at 287.  It is not error to comment on the defendant's failure to produce evidence on a phase of the defense upon which he seeks to rely.  United States v. Mackay, 33 F.3d 489, 496 (5th Cir. 1994); United States v. Dula, 989 F.2d 772, 777 (5th Cir.), cert. denied, 114 S. Ct. 172 (1993).  Because the prosecutor's remark was not improper, it was not professionally unreasonable to fail to object and request a corrective instruction and Chavez was not prejudiced by the lack of an objection.

Issue 2:

Chavez argues that he should have been resentenced under article 12:35 of the Texas penal code, which became effective in 1994 after he was convicted and sentenced and which would have resulted in a more lenient sentence.  As the magistrate judge reasoned, the "savings provision" of the 1994 Penal Code Amendments provides that "an offense committed before the effective date of this Article is covered by the law in effect

12

when the offense was committed, and the former law is continued in effect for that purpose."  Tex. Penal Code Ann. § 1.01, Historical and Statutory Notes (West 1994); see also Perry v. State, 902 S.W.2d 162, 163 (Tex. Ct. App.-Hous. (1 Dist.), 1995) (applying savings provision).

Chavez concedes that the statute contains a savings provision but argues that a similar amendment in 1973 resulted in a significant number of reduced sentences for persons serving life sentences for possession of marijuana.  Because the 1994 amendments are not applicable to persons serving life sentences for possession of small quantities of heroin, Chavez argues, he has been denied his right to Equal Protection.[1]  The Texas appellate courts have rejected a similar argument.  See Castaneda v. State, 1995 WL 555663, *2 (Tex. Ct. App.-San Antonio, 1995); Wilson v. State, 899 S.W.2d 36, 37-39 (Tex. Ct. App.-Amarillo, 1995).

Chavez does not claim that the alleged dissimilar treatment affects a suspect or quasi-suspect class.  However, a classification scheme violates equal protection even if the classifications are not drawn along suspect or quasi-suspect lines; classifications of any sort that are not rationally related to a legitimate governmental interest are unconstitutional.  When a plaintiff alleges that he has been "personally denied equal treatment," Heckler v. Mathews, 465 U.S. 728, 740, 104 S.Ct. 1387, 1395, 79 L. Ed. 2d 646 (1984)-- that he

_____

[1] The 1973 amendment specifically called for resentencing.

13

has been denied a particular benefit accorded to others who are similarly situated--he has alleged an equal protection injury, regardless of the nature of the stigma that attaches to the disfavored class. See Allegheny Pittsburgh Coal Co. v. County Com'n, 488 U.S. 336, 109 S.Ct. 633, 102 L.Ed.2d 688 (1989) (holding that formula used for property valuation was unconstitutional because it valued comparable properties differently).

Chavez seems to argue that he and persons convicted of marijuana possession in the 1970s are so similarly situated that he is constitutionally entitled to the same type of resentencing they were afforded by the Texas Legislature.  However, Chavez was convicted of possession of heroin, not possession of marijuana.  The State of Texas is certainly entitled to treat the crimes of possession of these dissimilar drugs differently.  In an analogous context, this Court has rejected constitutional challenges to the different treatment of powder cocaine and cocaine base under the United States Sentencing Guidelines.  See United States v. Watson, 953 F.2d 895, 897 (5th Cir.), cert. denied, 504 U.S. 928 (1992); United States v. Galloway, 951 F.2d 64, 65 (5th Cir. 1992); United States v. Thomas, 932 F.2d 1085, 1090 (5th Cir.), cert. denied, 502 U.S. 895 (1991).  Because Chavez cannot show that he is "similarly situated," his equal protection challenge must fail.

### III. CONCLUSION

For the reasons given above, the judgment of the district court dismissing the petition with prejudice is **AFFIRMED**.