SPORTS-THEME V. MARTIN HERNANDEZ

NO. 07-99-0175-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 7, 2001

______________________________

SPORTS-THEME RESTAURANTS OF NORTH TEXAS, INC.,

Appellant

v.

MARTIN HERNANDEZ, 

Appellee

_________________________________

FROM THE 14
TH
 DISTRICT COURT OF DALLAS COUNTY;

NO. 97-04540-A; HON. JOHN McCLELLAN MARSHALL, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Sports-Theme Restaurants of North Texas, Inc. (Sports) appeals from a final judgment awarding damages to Martin Hernandez (Hernandez).  Five points of error are asserted for our consideration.  We overrule each and affirm the trial court’s judgment.

Point One — Exclusion of Impeaching Evidence

Through its first point, Sports alleges that the trial court erred in excluding evidence allegedly impeaching Hernandez’s credibility.  The evidence in question consisted of proof that Hernandez, who was a citizen of Mexico, purchased false Social Security and resident alien cards to assist him in gaining employment in the United States.  The evidence was allegedly relevant to the issue of his credibility and, therefore, admissible under Texas Rule of Evidence 611(b).
(footnote: 1)  We overrule the contention.

While a litigant may test a witness’s credibility through cross-examination, he may not do so through the use of specific instances of conduct unless those specific instances involve a conviction for a crime.  
Tex. R. Evid
.
 608(b).  Impeaching Hernandez by questioning him about his purchase of illegal documents is tantamount to impeaching him through the use of specific instances of conduct.  Furthermore, nothing of record indicates that the instances at issue, while allegedly criminal, involved a criminal conviction.  Consequently, the evidence was subject to exclusion under Rule 608(b), and the trial court did not abuse its discretion in excluding it.

Point of Error Two— Sufficiency of the Evidence

In its second point, Sports contends that the evidence was both legally and factually insufficient to support the jury’s finding of negligence.  This is so because the description of how Hernandez sustained injury “defies laws of physics and common knowledge,” his own testimony “negate[d] negligence on the part of Appellant,” and the record “is devoid of evidence that any employee of Appellant[] other than [Hernandez] contributed to [his] injury.”  We overrule the point.

The standard of review applicable to questions regarding the legal and factual sufficiency of the evidence is well-known and needs no discussion.  We find it sufficient to refer the parties to 
Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co., 
766 S.W.2d 264, 275-76 (Tex. App. – Amarillo 1988, writ denied) for a description of same.

In the record before us, we find evidence that Hernandez was employed as a cook by Sports.  While performing his duties he slipped on a wet kitchen floor and came into contact with a bucket of hot grease.  Hot grease splashed on him and caused him to suffer severe burns.  The floor was wet because other employees of Sports were in the process of cleaning the facility prior to closing.  This process consisted of removing the floor mats, sweeping the trash, spraying the floor with soap and water, sweeping the floor once again, and filtering the “oils” contained in the two deep fryers.  Regarding the latter act, the hot oil was filtered and drained into “pots,”  “vats,”  or “buckets” which sat on the floor adjacent to the fryers.  It was one of these containers of hot oil that Hernandez encountered after slipping on the wet floor.  Furthermore, the fact that those who managed Sports knew of the aforementioned cleaning procedure and did nothing to change it also finds support in the record.   

Lastly, the record also contains evidence indicating that Sports’s management required its employees to complete the cleaning process by the time the restaurant closed.  In other words, those assigned the task of cleaning would have to perform same while the cooks, such as Hernandez, continued to prepare food orders.  So, in effect, Hernandez and the other cooks had to do their duties while others were removing the floor mats, wetting the floor with soap and water, and filling “pots,”  “vats,” or “buckets” with hot oil while located on the potentially wet, soapy, and slippery floor.  

The foregoing constitutes some evidence upon which a trier of fact could reasonably conclude that Sports breached its duty to provide its employees with a safe work environment and that the breach proximately caused Hernandez to suffer injury.   
See
 
Exxon Corp. v. Tidwell, 
867 S.W.2d 19, 21 (Tex. 1993) (holding that an employer has a duty to provide its employees with a reasonably safe workplace).  Thus, legally sufficient evidence exists which supports the finding of negligence.  That other evidence exists which contradicts Hernandez’s version of what occurred simply raised questions of fact for the jury to decide.  Furthermore, the other evidence was not so overwhelming as to render the verdict clearly wrong.  Accordingly, the verdict also enjoys factually sufficient evidentiary support.

Point of Error Three--Sufficiency of The Evidence

Next, Sports contends that the evidence was legally and factually insufficient to support the submission of jury issue number two and the jury’s answer to same.  That issue dealt with damages.  Furthermore, it allegedly should not have been submitted and the jury’s answer to same should not be allowed to stand because 1) Hernandez failed to produce evidence of his damages during discovery, 2) hospital records of treatment and charges were improperly admitted into evidence, and 3) the manner in which the issue was worded violated the trial court’s partial directed verdict awarded to Hernandez.  We overrule the point.

First, Texas Rule of Appellate Procedure 38.1(h) requires briefs to contain a clear and concise argument supporting the contentions made “with appropriate citation to authorities and to the record.”  Sports failed to cite any authority supporting any of its contentions.  Thus, they were waived.  
State Farm Lloyds, Inc. v. Williams
, 960 S.W.2d 781, 789 (Tex. App.--Dallas 1997, writ dism’d. by agr.); 
Wilson v. State
, 899 S.W.2d 36, 39 (Tex. App.--Amarillo 1995, writ ref’d.).

Second, while Sports objected to issue number two and the inclusion of numerous elements which could be considered by the jury in assessing damages, the objection said nothing about the jury being denied “a mechanism for allocating specific amounts (or a percentage of the total amount) of damages to each damage element the Trial court instructed the jury it could consider.”  Nor did it contend below that it was “impossible to determine what portion of the damage amount, if any, the jury intended to be awarded to [Hernandez] for any one or more damages elements ....”  Such objections were required to be made prior to submission of the charge to the jury.  
Tex. R. Civ. Proc
. 274; 
Tex. R. App. Proc
.
 33.1(a).  They were not.  And, because the objection asserted before us deviated from that alleged below, that before us was waived.  
St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co.
, 917 S.W.2d 29, 59 (Tex. App.--Amarillo 1995), 
rev’d. in part on other grounds
 974 S.W.2d 51, 53 (Tex. 1998).

Point of Error Four — Exclusion of Testimony

Next, Sports argues that the trial court erred in excluding testimony it proffered and that in excluding the testimony Sports was denied its right to equal protection.  Like point three, Sports cited no authority supporting its abbreviated contention though the appellate rules of procedure require same.  Thus, like point three, the substance of point four was also waived.

Point of Error Five — Prejudgment Interest

In its final point, Sports contends that the trial court violated its state and federal constitutional rights in potentially awarding prejudgment interest to Hernandez on future damages.  We overrule the point for several reasons.

First, no authority is cited to support the contention that an award of prejudgment interest on future damages violates the state and federal constitutions.  Being inadequately briefed, 
see 
Tex. R. App. Proc
.
 38.1(h), the contention was waived.

Second, while Sports may have questioned below the award of prejudgment interest on future damages, the objection said nothing about constitutional infringement.  Thus, any contention that the award violated either constitution was not preserved for review.  
Tex. R. App. Proc
.
 33.1(a); 
see
 
St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co.
, 917 S.W.2d at 59 ( that nothing was preserved for review when the objection voiced at trial was not the same as the complaint presented on appeal).        

Finally, our Texas Supreme Court has held that prejudgment interest may be awarded on future damages.  
C & H Nationwide, Inc. v. Thompson
, 903 S.W.2d 315, 324-27 (Tex. 1994).  The Supreme Court having spoken, we must abide by its decision.

Accordingly, we affirm the judgment.

Brian Quinn

    Justice

Do not publish.

  

FOOTNOTES
1:
Texas Rule of Evidence 611(b) states that a witness may be cross-examined on any matter relevant to any issue in the case, including credibility.