COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ERIC MARES, | § | |
| | | No. 08-09-00258-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 346th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20080D05828) |
| | § | |

**O P I N I O N**

Appellant, Eric Mares, was convicted of aggravated assault with a deadly weapon and sentenced to ten years' imprisonment. In three issues on appeal, Appellant contends that the trial court erred by enhancing his punishment range, by admitting prior misconduct during the punishment phase, and by admitting character and habit evidence during the guilt-innocence phase. For the following reasons, we affirm.

**BACKGROUND**

Although Appellant and Lizeth Reyes married in August 1996, they never lived together save a two-week period in 2007. During their marriage, they maintained an on again/off again relationship. And when the alleged assault took place in this case, the couple was separated. Indeed, during the events leading up to the offense, Reyes engaged in a sexual relationship with someone else, Angel Serrano.

On November 5, 2007, Serrano met Reyes at her parents' house to take her to a "Toys for Tots" motorcycle rally on his motorcycle. Later, the pair met with Roman Campo and Leticia Arias, who each rode their own motorcycle, and the group went to a friend's apartment for barbeque and

beer. After further socializing at several local bars, the group headed to Serrano's house around 1 a.m.

As they were riding, a Cadillac Escalade, in which Appellant was a passenger, pulled beside the motorcycle driven by Serrano. When Appellant began swearing at Serrano, Reyes told Serrano to "keep on going." The Escalade pursued, later passed Serrano, and then cut sharply in front of Serrano, forcing Serrano to "lay down" his bike to avoid a collision. Appellant then exited the Escalade and began a physical fight with Serrano. Reyes attempted to intervene but was flung aside by Appellant. Reyes then saw Appellant striking Serrano in a stabbing motion. During the fight, Serrano received several puncture wounds. Finally, when Campo and Arias arrived, the driver of the Escalade yelled, "Let's go," and Appellant left.

Noticing his shirt wet with blood, Serrano removed it, and Campo observed several puncture wounds that were bleeding. With nine years of experience as an Army medic and six years experience as an El Paso Fire Department paramedic, Campo noted that the wounds were consistent with knife wounds. After a phone call to 911, Serrano was transported to a hospital for treatment.

Appellant was subsequently indicted for three counts of aggravated assault with a deadly weapon. Count I alleged that Appellant threatened Serrano with a motor vehicle, Count II alleged that Appellant stabbed Serrano with a knife or an unknown object, and Count III alleged that Appellant threatened Reyes with a motor vehicle. The State later sought to enhance the second-degree felony punishment range for the charged offenses to that of a first degree by pleading that Appellant had been previously convicted of a felony. A jury acquitted Appellant of Counts I and III, but convicted him of Count II.

## DISCUSSION

On appeal, Appellant raises three issues. The first contends that the trial court erred by

enhancing the punishment range for the charged offense, the second alleges that the trial court erred by admitting prior misconduct during the punishment phase of the trial, and the third asserts that the trial court erred by allowing testimony, during the guilt-innocence phase of the trial, that Appellant was known to carry a knife, which he argues violates Rules 404(b) and 406 of the Rules of Evidence. We find no merit in any of the issues raised.

*Enhancement*

In Issue One, Appellant, who was convicted of a second-degree felony offense, asserts that the trial court erred by enhancing the punishment range for that offense to that of a first-degree felony offense pursuant to Section 12.42(b). *See* TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2010) (stating that "if it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony"); TEX. PENAL CODE ANN. § 22.02(b) (West Supp. 2010) (providing that aggravated assault is a second-degree felony). Specifically, Appellant contends that although his prior criminal-mischief offense alleged by the State for enhancement purposes was a third-degree felony when he pled to the same, that offense still could not be used to support the enhancement in this case as a subsequent change in the law reclassified that offense as either a class A misdemeanor or a state-jail felony. We disagree.

On April 6, 1994, Appellant was indicted for committing the offense of criminal mischief on March 16, 1994, by damaging or destroying tangible property and causing a pecuniary loss to the owner in an amount over $750 but less than $20,000. Appellant pled guilty to the offense on May 26, 1994, and was placed on deferred adjudication for eight years. At that time, the offense was a third-degree felony. *See* Acts 1989, 71st Leg., 1st C.S., ch. 42, § 1, eff. Sept. 1, 1989. Months later, on September 1, 1994, the Texas Legislature revised the Penal Code, classifying criminal mischief

as a class A misdemeanor if the loss was $500 or more but less than $1,500, or as a state-jail felony if the loss was $1,500 or more but less than $20,000. *See* Acts 1993, 73rd Leg., R.S., ch. 900, § 1.01 eff. Sept. 1, 1994 (current version at TEX. PENAL CODE ANN. § 28.03 (b)(3), (4) (West Supp. 2010)). Subsequently, on July 3, 1996, the State moved to revoke Appellant's probation, and the trial court, on July 26, 1996, revoked Appellant's probation, adjudicated him guilty, and sentenced him to ten years' imprisonment.

Appellant argues that because he was not adjudged guilty until after the change in the law, the offense cannot be used by the State to establish the prior felony predicate. However, Appellant overlooks the expressed savings clause included in the act, which provided that an offense "committed" before the effective date of that amendment, September 1, 1994, was governed by the law in effect when the offense was committed. *See* Acts 1993, 73rd Leg., R.S., ch. 900, § 1.18. Accordingly, we look to the date of the offense, which predates the reclassification of the offense, rather than at the time Appellant was adjudged guilty. *See State v. Wooldridge*, 237 S.W.3d 714, 716 (Tex. Crim. App. 2007) (agreeing with court of appeals' holding that date of offense, not date of conviction, controls the classification of the prior offense); *Delgado v. State*, 908 S.W.2d 317, 318 (Tex. App. – El Paso 1995, pet. ref'd) (concluding that legislative amendments only apply to offenses committed after September 1, 1994); *see also Castaneda v. State*, 911 S.W.2d 773, 775 (Tex. App. – San Antonio 1995, no pet.); *Elkins v. State*, No. 2-04-243-CR, 2005 WL 3082226, at *2-3 (Tex. App. – Fort Worth Nov. 17, 2005, pet. ref'd) (mem. op., not designated for publication) (cases looking to date of offense for punishment range, not date defendants were adjudged guilty).

Here, the offense was alleged to have been committed on March 16, 1994. The Penal Code, as noted above, was not amended until September 1, 1994. *See* Acts 1993, 73rd Leg., R.S., ch. 900, § 1.01, eff. Sept. 1, 1994. Therefore, classification of Appellant's criminal-mischief offense was

governed by the statute in effect when he committed the prohibited conduct. *Castaneda*, 911 S.W.2d at 775; *Elkins*, 2005 WL 3082226, at *2-3. As the offense was classified as a third-degree felony at that time, the offense must be considered a third-degree felony for purposes of enhancement in the present case. *See* Acts 1989, 71st Leg., 1st C.S., ch. 42, § 1, eff. Sept. 1, 1989. Accordingly, we find no error in the trial court's enhancement of Appellant's punishment range from a second-degree felony to that of a first-degree felony. Appellant's first issue is overruled.

### *Prior Misconduct*

In Issue Two, Appellant contends that the trial court erred by admitting evidence of prior misconduct during the punishment phase of the trial. Specifically, Appellant challenges the admission of State's Exhibit 42, which contained an indictment alleging that he committed the offense of aggravated assault against Robert Marren on March 16, 1994, by striking him about the hands and arms with a tree branch. According to other documents contained in State's Exhibit 42, it appears that the offense was dismissed pursuant to Section 12.45 of the Penal Code. *See* TEX. PENAL CODE ANN. § 12.45 (West 2003) (providing that an accused, with the prosecutor's consent, may admit his guilt to one or more unadjudicated offenses during the sentencing hearing for another offense and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty, and that if the court does so, any prosecution for that offense is barred). However, Appellant argues that there is nothing in the record that indicates that he ever admitted his guilt to the offense. Thus, he concludes that the offense was never shown beyond a reasonable doubt to have been committed, as required by article 37.07 of the Code of Criminal Procedure, and the trial court, therefore, erred by admitting the prior misconduct. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2010) (stating that evidence may be offered at the punishment stage as to any matter the court deems relevant to sentencing, including

the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant, regardless of whether he has previously been charged with or finally convicted of the crime or act).

Initially, we address the State's argument that the error, if any, is not preserved for our review. To preserve error for appellate review, the complaint alleged below must be the same as that lodged on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); *Wooden v. State*, 929 S.W.2d 77, 79 (Tex. App. – El Paso 1996, no pet.). Here, when the State sought to admit State's Exhibit 42, Appellant objected that the prior act was not admissible as it had been dismissed. Appellant did not raise in the trial court below the contention now uttered on appeal, that is, that the prior act was inadmissible because the State failed to prove beyond a reasonable doubt that the prior act occurred. Accordingly, Appellant's complaint on appeal does not comport with his objection at trial, and therefore, we hold that his second issue is not preserved for our review. *See McClenny v. State*, No. 2-08-223-CR, 2009 WL 3246774, at *6 (Tex. App. – Fort Worth Oct. 8, 2009, pet. ref'd) (mem. op., not designated for publication) (objection at trial that State's exhibits were inadmissible because they were not prior convictions did not comport with appellate complaint that the State failed to prove beyond a reasonable doubt that the acts were attributable to him); *Fuller v. State*, No. 05-96-00607-CR, 1998 WL 261840, at *1 (Tex. App. – Dallas May 26, 1998, no pet.) (op., not designated for publication) (complaint on appeal that evidence was insufficient to prove extraneous beyond a reasonable doubt did not comport with trial objection alleging hearsay and Rule 403). Issue Two is overruled.

*Rules 404(b) and 406*

Appellant's final issue contests the trial court's admission of testimony that he was known to carry a knife. According to Appellant, such testimony not only violated Rule 404(b)'s[1] proscription that evidence of other acts are not admissible to prove that he acted in conformity therewith, but also failed to meet the predicate requirement of Rule 406's[2] definition of habit. Again, the State responds that Appellant's issue is not preserved for our review.

The record reflects that during Appellant's cross-examination of Campo, he established that a person may obtain puncture wounds from motorcycle accidents, noting that such bikes contain sharp objects. Later, before commencing his redirect examination of Reyes, the prosecutor argued, based on Campo's cross-examination, that Appellant opened the door to a threat he made to Reyes that he would stab Serrano if he saw them together. Appellant, however, objected under Rule 403, claiming that the prejudicial effect of such evidence would outweigh its probative value, and the trial court agreed, sustaining the objection. The prosecutor then asserted that Appellant opened the door to evidence that he was known to carry a knife by suggesting, during Campo's cross-examination, that the injuries were caused by a motorcycle accident as opposed to a stabbing. Although Appellant responded that there was no eyewitness testimony that this case involved a stabbing, the trial court found that the door was opened. Without further objection in this regard, the following colloquy occurred later during Reyes' redirect examination:

---

[1] Rule 404(b) provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction." TEX. R. EVID. 404(b).

[2] Rule 406 states that "[e]vidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." TEX. R. EVID. 406. To be admissible under Rule 406, the testimony must establish that the conduct is a regular response to a repeated specific situation. *Anderson v. State*, 15 S.W.3d 177, 183 (Tex. App. – Texarkana 2000, no pet.); *Bishop v. State*, 837 S.W.2d 431, 435 (Tex. App. – Beaumont 1992), *aff'd*, 869 S.W.2d 342 (Tex. Crim. App. 1993).

Prosecutor: Okay. Was [Appellant] hitting [Serrano] in a manner that was consistent with a stabbing motion?

Reyes: Yes, he was.

Prosecutor: At the time that you were seeing this, is there something that you knew about [Appellant] and what he normally has on him that made you think that he might be stabbing [Serrano]?

Appellant: Objection, leading, Your Honor.

Court: Rephrase.

Prosecutor: Are you aware of whether or not [Appellant] usually has something on him that might have made you concerned about whether or not he was doing something to [Serrano] other than hitting him?

Reyes: He would usually carry a pocketknife.

To preserve a complaint for appellate review, the complaining party must make a timely objection, stating the grounds therefor. *See* TEX. R. APP. P. 33.1; *Layton v. State*, 280 S.W.3d 235, 238-39 (Tex. Crim. App. 2009). Moreover, the party must continue to object each time the objectionable evidence is offered. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)); *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026, 120 S.Ct. 541, 145 L.Ed.2d 420 (1999). Finally, as we have already stated, the complaint on appeal must be the same as that lodged in the trial court. *Rezac*, 782 S.W.2d at 870; *Wooden*, 929 S.W.2d at 79.

Here, the only objection raised by Appellant in regards to the complained-of testimony was "leading" and that there was no eyewitness testimony to support a stabbing such that the door was opened to the testimony. Appellant never asserted to the trial court those complaints now uttered on appeal, that is, that admission of the testimony would violate Rules 404(b) or 406. Accordingly, we find that Appellant has not preserved his third issue for our review and overrule the same. *See*

*Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (stating that in order to preserve error, the objection at trial must comport with the complaint on appeal); *Rezac*, 782 S.W.2d at 870 (holding that an argument is not preserved for appellate review if the trial court did not have an opportunity to rule on it).

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

April 29, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)