**Dennis Wayne PERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00048–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 15, 1995.

Discretionary Review Refused
Sept. 20, 1995.

Charles Brown, Houston, for appellant.

John B. Holmes, Jr., Calvin A. Hartmann, Devon Ward, Houston, for appellee.

Before HUTSON–DUNN, MIRABAL, and HEDGES, JJ.

## OPINION

MIRABAL, Justice.

Appellant Dennis Wayne Perry pled guilty to possession of a controlled substance. The trial court found two enhancement para-

graphs true, and assessed punishment at 30–years confinement. We affirm.

In a single point of error, appellant asserts the trial court erred in overruling his motion for new trial. Pointing to the legislature's recent amendments to the 1973 penal code, as well as revisions in the Health & Safety Code, appellant argues that the trial court incorrectly assessed his punishment. He maintains that, after he committed the offense but before he was tried, the legislature reclassified the offense from a second degree felony to a state jail felony and, therefore, he is entitled to be sentenced accordingly.

The 1993 amendments to the Health and Safety Code established a new offense classification for possession of certain amounts of controlled substances, and now provides that possession of less than one gram is a "state jail felony." TEX.HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp.1995). The legislature also amended the penal code to provide punishment guidelines for state jail felonies. *See* TEX.PENAL CODE ANN. § 12.35 (Vernon 1994). These amendments apply, however, only to offenses committed on or after September 1, 1994.[1] In amending the Health and Safety Code, the legislature specifically provided that "an offense committed before the effective date of this article is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose." Act of May 29, 1993, 73rd Leg., R.S., ch. 900, sec. 2.08(b), 1993 Tex.Gen.Laws 3586, 3714.

It is undisputed that appellant committed the offense on August 20, 1994, prior to the effective date of the amendments. At the time appellant committed the offense, it was classified as a second degree felony,[2] and his punishment was subject to enhancement for prior felony offenses.[3] The trial court properly assessed punishment within the range provided by the laws in effect at the time of the offense. *Accord Wilson v. State*, 899

S.W.2d 36 (Tex.App.—Amarillo, 1995, n.w.h.) (not yet reported).

We overrule appellant's sole point of error and affirm the judgment.

---

**1.** The effective date of the amendments was September 1, 1994. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, sec. 2.09, 1993 Tex.Gen.Laws 3586, 3714; Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3686, 3603; Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.Gen.Laws 3586, 3731.

**2.** Act of May 16, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex.Gen.Laws 2230, 2936, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 2.02, 1993 Tex.Gen.Laws 3586, 3706.

**3.** TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1994).