**Shannon Neil SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–95–00479–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 21, 1995.

Vivian R. King, Houston, for appellant.

John B. Holmes, Jr., Calvin A. Hartmann, Kevin Keating, Houston, for appellee.

Before HUTSON–DUNN, O'CONNOR and ANDELL, JJ.

**OPINION**

HUTSON–DUNN, Justice.

Appellant, Shannon Neil Scott, was indicted on October 19, 1994 for the offense of auto theft under former section 31.03(e)(4)(A) of

the Penal Code. Appellant committed the theft on July 3, 1994. Appellant's attorney asked the trial court, off the record, to punish him under the amended Penal Code for a state jail felony, which became effective September 1, 1994. The trial court denied his request. Appellant plead guilty to the offense and true to the indictment and its enhancement paragraph. The guilty plea was entered in conjunction with an agreed recommendation of 7–years confinement. The trial court found appellant guilty and sentenced him to 7–years confinement. The trial court gave appellant permission to appeal a single issue: whether the trial court erred in refusing to allow appellant to elect to be punished under the amended Penal Code.

In a single point of error, appellant contends the trial court erred in refusing to allow appellant to elect to be punished under the recent amendments to the Penal Code.[1] On September 1, 1994, the 1993 amendments to the Penal Code became effective and redefined offenses similar to appellant's as state jail felonies. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.19(a), 1993 Gen.Laws 3586, 3705; *see* TEX.PENAL CODE ANN. § 31.03(e)(4)(A) (Vernon 1994) (classifying theft of property valued at $1,500 or more, but less than $20,000, as a state jail felony). This correspondingly reduced the punishment range from not more than 10 years or less than 2 years confinement, TEX.PENAL CODE ANN. § 12.34(a)(1), (b) (Vernon 1994), to 180 days to 2 years. TEX.PENAL CODE ANN. § 12.35 (Vernon 1994).

■ Appellant argues there is no savings provision in the amended Penal Code, so he was entitled to elect to be punished under TEX.PENAL CODE ANN. § 1.05(b) (Vernon

1994) and TEX.GOV'T CODE ANN. § 311.031(b) (Vernon 1988).[2] We disagree. The 1993 act amending the Penal Code concluded with a "savings provision" clause that provided:

(a) The change in law made by this article applies only to an offense committed on or after the effective date of this article. For purposes of this section, an offense is committed before the effective date of this article if any element of the offense occurs before the effective date.

(b) An offense committed before the effective date of this article is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

Act of May, 29, 1993, 73d Leg., R.S., ch. 900, § 1.18, 1993 Gen.Laws 3586, 3705. In *Perry v. State*, 902 S.W.2d 162, 163 (Tex.App.— Houston [1st Dist.] 1995, pet. ref'd), we treated the language of the 1993 amendments to the Health and Safety Code as a specific savings provision, which is exactly the same at the above recited language from the act amending the Penal Code. *See* Act of May 23, 1993, 73d Leg., R.S., ch. 900, § 2.08(b), 1993 Tex.Gen. Laws 3586, 3714; *see also Perry*, 902 S.W.2d at 163; *accord Wilson v. State*, 899 S.W.2d 36, 38 (Tex.App.—Amarillo 1995, pet. ref'd). By including the "savings provision" clauses at the conclusion of the act amending the Penal Code, the legislature expressed its clear intention that the "old law" would remain in effect to govern the disposition of cases involving offenses committed prior to September 1, 1994, the effective date of the amended code.

■ Further, we note that although the Code Construction Act applies to all reenactments, revisions, amendments, and repeals of any of the Texas codes, the Act's general

---

1. Appellant was charged pursuant to section 31.03(a), (e)(4)(A) of the 1993 version of the Penal Code that classified as a third degree felony the unlawful appropriation of property with the intent to deprive the owner of property if the value of the property stolen was $750 or more but less than $20,000. Act of May 19, 1993, 73d Leg., R.S., ch. 203, §§ 4, 5, Tex.Gen.Laws 390, 391.

2. The Penal Code provides, "Unless a different construction is required by the context, Sections 311.011, 311.012, 311.014, 311.015, and 311.021

through 311.032 of Chapter 311, Government Code (Code Construction Act), apply to the construction of this code." TEX.PENAL CODE ANN. § 1.05(b) (Vernon Supp.1994). The savings provision of the Code Construction Act provides in relevant part, "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." TEX.GOV'T CODE ANN. § 311.031(b) (Vernon 1988).

savings clause is inapplicable to the amended Penal Code because specific savings clauses were provided by the legislature in the 1993 act amending the Penal Code. *See Perry,* 902 S.W.2d at 163; *Wilson,* 899 S.W.2d at 38. Therefore, because appellant committed his offense before September 1, 1994, we hold the trial court properly assessed punishment within the range provided by the laws in effect at the time of the offense. *See Perry,* 902 S.W.2d at 163; *accord Wilson,* 899 S.W.2d at 38.

Appellant's sole point of error is overruled.

We affirm the judgment of the trial court.

