Darden v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-142-CR

     NORMAN DARDEN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the Criminal District Court No. 1
Dallas County, Texas
Trial Court # F94-57782-PH
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Darden appeals from his conviction for delivery of cocaine less than 28 grams, for
which he was sentenced to eight years in the Texas Department of Criminal Justice, probated for
eight years, plus a $1,500 fine.
      On October 6, 1994, Appellant waived a jury and pled guilty before the court to delivery of
cocaine, less than 28 grams, on August 4, 1994. The trial court found him guilty on October 6,
1994, and on that date sentenced him to eight years in the Texas Department of Criminal Justice,
probated for eight years, and a $1,500 fine.
      Appellant appeals on one point of error: "The trial court erred by assessing punishment in
excess of the statutory maximum for a state jail felony."
      Appellant contends the trial erred in punishing him as a first-degree felon because he should
have been prosecuted and punished for a state-jail felony under Texas Senate Bill 1067, Chapter
900, 73rd Legislature (1993), rather than for a first-degree felony under the provision of the
Health and Safety Code which was in effect at the time Appellant committed the charged offense. 
The record reflects that Appellant's judicial confession stated he delivered less than 28 grams of
cocaine. Appellant committed the charged offense on August 4, 1994, and was sentenced on
October 6, 1994. He was prosecuted and sentenced under Texas Health & Safety Code §
481.112(b), which was in effect at the time of the commission of his offense, which provided that
delivery of less than 28 grams of cocaine was a first-degree felony. In 1993, the Legislature
amended section 481.112(b) to make delivery of less than one gram of cocaine punishable as a
state-jail felony with a lower range of punishment. S.B. 1067, ch. 900, sec. 2.01, 73rd Leg.
(1993). The amendment is effective for offenses committed on or after September 1, 1994. Tex.
Health & Safety Code sec. 481.112.
      In amending the Health & Safety Code, the legislature specifically provided that "an offense
committed before the effective date of this article is covered by the law in effect when the offense
was committed and the former law is continued in effect for that purpose. Act of May 29, 1993,
73rd Leg. ch. 900, sec. 2.08(h) 1993, Tex. Gen. Laws 3586, 3714.
      The trial court properly assessed punishment within the range provided by the laws in effect
at the time of the offense. Accord: Wilson v. State, 899 S.W.2d 36, 1995 (Tex. App.—Amarillo
1995, no pet.h.); Perry V. State, 902 S.W.2d 162, 163 (Tex. App.—Houston [1st Dist.] 1995,
pet. ref'd). Appellant's point is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 14, 1996
Do not publish