Affirmed and Memorandum Opinion filed February 24, 2004













Affirmed
and Memorandum Opinion filed February 24, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00505-CR

____________

 

JAMES CHARLES
SHERMAN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County,
Texas

Trial Court Cause No. 946,509

 



 

M E M O R A N D U M   O P I N I O N

Appellant James Charles Sherman appeals
from the trial court=s denial of his motion to quash the second
enhancement paragraph in the indictment. 
Following the denial of his motion, appellant waived a jury and entered
a plea of guilty to the charged felony offense of possession of a firearm by a
felon.  He also entered a plea of true to
both of the enhancement paragraphs in the indictment, and punishment was
assessed at 25 years= confinement.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion. See Tex. R. App. P. 47.4.  We affirm.








In his sole issue presented for review, appellant
argues the trial court erred in denying his motion to quash the second
enhancement paragraph of the indictment, which listed his February 14, 1992
conviction for possession of a controlled substance.  He contends that because this offense is now classified
as a state jail felony,[1]
it cannot be used for enhancement purposes under Section 12.42(d) of the Texas
Penal Code.[2]  We disagree.

Our sister court has previously recognized
that the Texas Health and Safety Code was amended in 1993.  SeePerry v. State, 902 S.W.2d 162, 163 (Tex. App.CHouston [1st Dist.] 1995, pet. ref=d).  One result of this legislation was the
reclassification of certain types of offenses, including possession of certain
amounts of listed controlled substances. 
Id.  Consequently, Section 481.115(b) now provides
that possession of less than one gram of a listed substance is a state jail
felony rather than a second-degree felony.  Tex. Health & Safety Code Ann. ' 481.115(b)
(Vernon 2003); see also infra note 4. 
However, this amendment applies only to offenses committed on or after
September 1, 1994, and the legislature specifically provided that Aan offense
committed before the effective date of this article is covered by the law in
effect when the offense was committed.@[3]








It is undisputed that appellant committed
the offense listed in the second enhancement paragraph on February 13,
1992.  At that time, the offense was
classified as a second-degree felony.[4]  Because the legislature amended the
classification of the offense committed by appellant subject to the provision
that the amendment would not alter the classification of such offenses
occurring prior to September 1, 1994, appellant=s conviction remains
a felony and can be used for enhancement purposes.  The trial court therefore did not err in
denying his motion to quash. 
Accordingly, appellant=s sole issue
presented for review is overruled.

The judgment is affirmed.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed February 24, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  We will assume
for purposes of this appeal that appellant was arrested with less than one gram
of cocaine in his possession, as he claims in his affidavit.





[2]  That section
provides: AIf it is shown on the trial of a felony offense other
than a state jail felony punishable under Section 12.35(a) that the defendant
has previously been finally convicted of two felony offenses, and the second
previous felony conviction is for an offense that occurred subsequent to the
previous conviction having become final, on conviction he shall be punished by
imprisonment . . . for life, or for any term of not more than 99 years or less
than 25 years.@ Tex. Pen. Code
Ann. ' 12.42(d) (Vernon
Supp. 2003).





[3]  Act of May 29, 1993, 73rd Leg.,
R.S., ch. 900, '' 2.08, 2.09, 1993 Tex. Gen. Laws
3586, 3714.





[4]  Act of May 16,
1989, 71st Leg., R.S., ch. 678, ' 1, 1989
Tex. Gen. Laws 2230, 2936-37, amended by Act of May 29, 1993, 73rd Leg., R.S., ch. 900, ' 2.02, 1993 Tex. Gen. Laws 3586,
3706.