

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00047-CR

_____

ARGUSTUS CHARLES CHOYCE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR02606

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

A jury convicted Argustus Charles Choyce of family violence assault with a prior conviction, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (West Supp. 2017). After Choyce pled true to the State's two enhancement allegations, he was sentenced to fifty years' imprisonment. On appeal, Choyce argues that (1) the trial court erroneously struck a panel member for cause, (2) the indictment was defective because it failed to sufficiently specify a prior conviction used to enhance the degree of offense, (3) the State impermissibly used a state jail felony to enhance punishment, and (4) although Choyce's offense was punishable as a second-degree felony, the trial court's judgment must be modified to reflect a conviction of a third-degree felony.

We find that the trial court did not abuse its discretion in granting the State's challenge for cause, that the indictment was not fundamentally defective, and that Choyce's prior offense was a second-degree felony. However, we find that the trial court judgment's must be modified to reflect the proper degree of offense. Therefore, we modify the trial court's judgment to reflect that Choyce was convicted of a third-degree felony offense and affirm the trial court's judgment, as modified.

**I.      The Trial Court Did Not Abuse Its Discretion in Granting the State's Challenge for Cause**

In analyzing whether the trial court erred in its ruling on a challenge for cause, we examine "the entire record of voir dire to determine if the evidence is sufficient to support the court's ruling." *Gonzales v. State*, 353 S.W.3d 826, 831 (Tex. Crim. App. 2011) (citing *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002), *superseded by statute on other grounds*, TEX. CODE

2

CRIM. PROC. ANN. art. 37.071, *as recognized in Coleman v. State*, No. AP-75478, 2009 WL 469606 (Tex. Crim. App. Dec. 9, 2009) (not designated for publication)). The trial court's ruling is afforded "great deference" since the court was able to observe both the demeanor and tone of voice of the venireperson. *Id.* (citing *Feldman*, 71 S.W.3d at 744).

During voir dire, veniremember Hastings informed the trial court:

> Well, first, I'd like to say I believe in our judicial system, the way it's set up to be and I believe that you do your job but I can't of good conscious [sic] be on any jury because of the prosecuting attorney. I know two people, one that's been on bond for over 10 years and one on for five that would not be brought to trial. I believe you have a right to a fair and speedy trial. One of them finally had to call their lawyer and say I'm going to sue Red River County and the prosecuting attorney if I don't get my day in court. Within the week it was dropped, the whole record expunged. The same thing on a man that had been out for 10 years. I believe he's after a prosecution or plea bargain because every six months calls to get a plea bargain to a man that's not guilty.

After a brief recess, the following exchange ensued:

> [BY THE STATE]: . . . I believe he said he couldn't be fair and impartial in a case. I know it's a challenge for cause but at the risk of poisoning the jury --
>
> THE COURT: I'm afraid he'll poison --
>
> [BY THE STATE]: I'd ask that he be excused at this point just like we excused the jailer who said she would be biased in our favor. I think it's only fair for the State that he be excused at this point . . . . This guy also says that he's prejudiced against me so therefore I think that he wouldn't be able to --
>
> [BY THE DEFENSE]: I think you can be prejudiced against the DA personally and still be a fair and impartial juror.
>
> [BY THE STATE]: He said with a chuckle.
>
> THE COURT: I'm concerned that he would poison the panel.
>
> [BY THE STATE]: That is my concern, Judge. I [sic] hate to have a mistrial or something based on that.

3

THE COURT: For the record, I just want to note Mr. Hastings was agitated. His hands were shaking. He refused to look at the prosecutor. Those are the personal observations of the Court which makes me believe that although he seemed respectful his comments could negatively impact the panel and our ability to seat a fair and impartial jury. With that being said, the Court is going to go ahead and release Mr. Hastings at this time.

[BY THE DEFENSE]: Note our objection.

THE COURT: Yes, sir.

Choyce argues that the trial court erred in granting the State's challenge for cause under Article 35.16 of the Texas Code of Criminal Procedure, which reads, in relevant part:

A challenge for cause may be made by the State for any of the following reasons:

> 1.      That the juror has conscientious scruples in regard to the infliction of the punishment of death for crime, in a capital case, where the State is seeking the death penalty;
>
> 2.      That he is related within the third degree of consanguinity or affinity, as determined under Chapter 573, Government Code, to the defendant; and
>
> 3.      That he has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment.

TEX. CODE CRIM. PROC. ANN. art. 35.16(b) (West 2006). Choyce argues that Aricle 35.16(b)(1) and (2) do not apply and that, because the transcript failed to demonstrate that the State established Hastings had a bias or prejudice against any phase of the law, the State was not entitled to a challenge for cause.

However, Article 35.16(b) does not create an exhaustive listing of the only means by which the State can sustain a successful challenge for cause. "[A] veniremember is subject to a challenge for cause if his beliefs or opinions would prevent or substantially impair his ability to carry out his

4

obligations as a juror." *Granados v. State*, 85 S.W.3d 217, 230 (Tex. Crim. App. 2002). More particularly, Article 35.16(a)(9) provides that a challenge for cause may be made by either party if the "juror has a bias or prejudice in favor of or against the defendant." TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9) (West 2006).[1] Here, Hastings demonstrated a bias against the prosecuting attorney. He further expressed his belief that the State made a practice of going "after a prosecution or plea bargain" against defendants who were not guilty. Choyce argues that Hastings' bias against the State does not equate to a bias in favor of the defendant.

Yet, it is clear that "[t]he obvious purpose" of voir dire "is to guarantee fair and impartial jurors for both the State and the defendant." *Smith v. State*, 907 S.W.2d 522, 529 (Tex. Crim. App. 1995) (quoting *Ransom v. State*, 630 S.W.2d 904, 908 (Tex. App.—Amarillo 1982, no pet.)). Accordingly, a prospective juror who expresses an inability to be fair and impartial to the State is biased in favor of the defendant and is challengeable for cause. *Id.* at 529–30 (finding that a veniremember's negative feelings about the prosecutor were sufficient to sustain the State's challenge for cause even though the veniremember stated that he thought he could set aside those negative feelings); *see Mays v. State*, 904 S.W.2d 920, 924 (Tex. App.—Fort Worth 1995, no pet.).

Based on our review of the entire voir dire record, we find that the trial court did not abuse its discretion in concluding that Hastings' bias against the State would prevent or substantially

---

[1]Additionally, "[a] challenge for cause can be properly asserted on grounds which are not specifically enumerated in Article 35.16 . . . where such a challenge is based on facts that show that the prospective juror would be 'incapable or unfit to serve on the jury.'" *Nguyen v. State*, 506 S.W.3d 69, 84–85 (Tex. App.—Texarkana 2016, pet. ref'd) (quoting *Mason v. State*, 905 S.W.2d 570, 577 (Tex. Crim. App. 1995) (quoting *Allridge v. State*, 850 S.W.2d 471, 484 (Tex. Crim. App. 1991)).

5

impair his ability to carry out his obligations as a juror. Accordingly, we overrule Choyce's first point of error.

## II.     The Indictment Was Not Fundamentally Defective

Next, Choyce complains of the State's indictment, which alleged:

> Argustus Charles Choyce, on or about the 10th day of June, 2017, did commit the offense of ASSAULT CAUSES BODILY INJURY IMPEDING BREATH by then and there intentionally, knowingly, and recklessly cause [sic] bodily injury to Michelle Harris, hereafter styled the complainant, a person with whom the defendant had or had had a dating relationship, as described by Section 7l.0021(b) of the Texas Family Code, by intentionally, knowingly, and recklessly impeding the normal breathing or circulation of the blood of the complainant by applying pressure to the throat or neck of the complainant, and before the commission of the offense, the defendant had previously been convicted of an offense under Chapter 22 of the Texas Penal Code, against a person with whom the defendant had or had had a dating relationship, as described by Section 7l.0021(b) of the Texas Family Code, to-wit:  on the 10th day of January, 2012, in the 204th Judicial District Court of Dallas County, Texas, in cause number F-1475608-Q.

> And it is further presented that, prior to the commission of the charged offense (hereafter styled the primary offense), on the 10th day of March, 1995, in cause number F-9364282-NT in the 283rd Judicial District Court of Dallas County, Texas, the defendant was finally convicted of the felony offense of Possession of a Controlled Substance.

> And it is further presented that, prior to the commission of the primary offense, and after the conviction in cause number F-9364282-NT was final, the defendant committed the felony offense of Unlawful Possession of a Firearm by Felon and was finally convicted on the 4th day of August, 2000, in cause number F-9949606-WU in the 291st Judicial District Court of Dallas County, Texas.[2]

---

[2]The bill of indictment specified that the statute of offense was "22.01 3RD DEGREE FELONY ENHANCED 25-99."

Specifically, Choyce contends that the State's indictment "never informed [him] as to what prior offenses he violated."[3]

Article 1.14(b) of the Texas Code of Criminal Procedure provides that,

[i]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005). Choyce admits that he never objected to the State's indictment and has thereby waived any defect in form or substance. *See Nguyen*, 506 S.W.3d at 78. However, he argues that the indictment contained fundamental error because it failed to confer jurisdiction upon the trial court. We disagree.

"The sufficiency of an indictment is a question of law." *Smith v. State*, 494 S.W.3d 243, 247 (Tex. App.—Texarkana 2015, no pet.) (quoting *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004)). "[T]o comprise an [information] within the definition provided by the constitution, an instrument must charge: (1) a person; (2) with the commission of an offense." *Id.* (quoting *Mantooth v. State*, 269 S.W.3d 68, 72 (Tex. App.—Texarkana 2008, no pet.) (quoting *Cook v. State*, 902 S.W.2d 471, 477 (Tex. Crim. App. 1995))). "[A] written instrument is an indictment or information under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even

---

[3]To the extent Choyce complains of insufficient specificity with respect to prior offenses used to enhance his punishment, we overrule that complaint as meritless.

if the instrument is otherwise defective." *Id*. (quoting *Mantooth*, 269 S.W.3d at 72 (quoting *Duron v. State*, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997)).

A person commits an offense of assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2017). This offense "is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against . . . a person whose relationship to or association with the defendant is described by Section 71.0021(b)" of the Texas Family Code if:

> (A)     it is shown on the trial of the offense that the defendant has been previously convicted of an offense under [Chapter 22] . . . against a person whose relationship to or association with the defendant is described by Section 71.0021(b) . . . [of the Texas] Family Code; or
>
> (B)     the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth.

TEX. PENAL CODE ANN. § 22.01(b)(2).

Here, the State's indictment tracked the language of the statute and provided Choyce with notice that the State sought to prosecute him under Section 22.01(b)(2) of the Texas Penal Code. When "the information is sufficient to identify the penal statute under which the State intends to prosecute, the error is not a 'fundamental' error." *Smith*, 494 S.W.3d at 247 (quoting *Mantooth*, 269 S.W.3d at 72). This is because "[i]ndictments charging a person with committing an offense, once presented, invoke the jurisdiction of the trial court, and jurisdiction is no longer contingent on whether the indictment contains defects of form or substance." *Id.* (quoting *Teal v. State*, 230 S.W.3d 172, 177 (Tex. Crim. App. 2007)).

8

Choyce admits that the indictment "technically advised [him] of each element of the charged offense." Because we agree, we find no fundamental error in the State's indictment. Yet, Choyce still maintains that the indictment was "dramatically vague." Choyce's brief makes clear that the gravamen of his complaint is one involving the substance or form of the indictment, which was waived by Choyce's failure to bring a timely objection as required by Article 1.14(b). Accordingly, we overrule Choyce's second point of error.

## III. Choyce's Prior Offense Was a Second-Degree Felony

The reporter's record reflects that Choyce was indicted for possessing less than twenty-eight grams of cocaine in 1993. At the time of this prior offense, possession of cocaine was "a felony of the second degree if the amount of the controlled substance possessed [was] . . . less than 28 grams." *See* Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2936–37 (current version at TEX. HEALTH & SAFETY CODE § 481.115 (West 2017)). Choyce pled guilty to the offense, and the trial court sentenced him to five years' imprisonment, but suspended the sentence in favor of placing Choyce on community supervision for a period of five years. After the return of Choyce's indictment, the Texas Legislature amended Section 481.115 to reclassify (1) possession of less than one gram of cocaine as a state jail felony, (2) possession of one gram or more but less than four grams as a third-degree felony, and (3) possession of four grams or more but less than 200 grams as a second-degree felony. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws 3586, 3706 (current version at TEX. HEALTH & SAFETY CODE § 481.115 (West 2017)). In 1995, Choyce's community supervision was revoked, and he was sentenced to four years' imprisonment.

9

In his third point of error, Choyce argues that this prior conviction could not be used to enhance his punishment because, although the offense was classified as a second-degree felony at the time it was committed, it may have been a state-jail felony at the time his community supervision was revoked because (a) the indictment merely stated that he possessed less than twenty-eight grams of cocaine and (b) the judgment did not state how much cocaine was actually possessed by Choyce.

Choyce's argument is based on a flawed reading of the 1993 amendment. Even though the amendment became effective on September 1, 1994, it stated that it applied only to offenses committed on or after the amendment's effective date. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 2.08, 1993 Tex. Gen. Laws 3586, 3714; *see Perry v. State*, 902 S.W.2d 162, 163 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). Accordingly, we overrule Choyce's third point of error.

## IV.  We Modify the Trial Court's Judgment to Reflect the Correct Degree of Offense

In his last point of error, Choyce argues that the trial court's judgment must be modified because it incorrectly stated that Choyce was convicted of a second-degree felony instead of a third-degree felony. We agree.

As we have previously explained, the offense alleged by the State's indictment was a third-degree felony. TEX. PENAL CODE ANN. § 22.01(b)(2). The State notes that, after the return of the bill of indictment against Choyce, which properly listed the offense as a third-degree felony, the legislature amended Section 22.01 by including Section (b-2), which reads:

> Notwithstanding Subsection (b)(1), an offense under Subsection (a)(1) is a felony of the second degree if:

10

> (1) the offense is committed against a person whose relationship to or association with the defendant is described by Section 71.0021(b) . . . ;
>
> (2) it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter . . . against a person whose relationship to or association with the defendant is described by Section 71.0021(b) . . . ; and
>
> (3) the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth.

TEX. PENAL CODE ANN. § 22.01(b-2). The State incorrectly argues that the offense became a second-degree felony offense because the trial court granted its second motion for leave to amend the indictment, which described the offense as a second-degree felony offense.[4]

Section 22.01(b-2) was added by the Texas Legislature by the passage of Senate Bill No. 1576 (the Act). *See* Act of May 4, 2017, 85th Leg., R.S., ch. 34, § 27, 2017 Tex. Gen. Laws 72, 81–82 (current version at TEX. PENAL CODE § 22.01 (West Supp. 2017)). While the Act took effect on September 1, 2017, it clearly specified that the amendments to Section 22.01

> appl[ied] only to an offense committed on or after the effective date of [the] Act. An offense committed before the effective date of [the] Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose.

*See* Act of May 4, 2017, 85th Leg., R.S., ch. 34, § 46, 2017 Tex. Gen. Laws 72, 86. Because Choyce committed the offense before September 1, 2017, the Act creating Section 22.01(b-2) did not apply. Therefore, Choyce's offense was a third-degree felony.

---

[4]The State's first motion for leave to amend the indictment, filed on September 27, 2017, listed the offense as a third-degree felony.

11

We sustain Choyce's fourth point of error. Accordingly, we modify the trial court's judgment to reflect that Choyce was convicted of a third-degree felony offense.

## V. Conclusion

We modify the trial court's judgment to reflect that Choyce was convicted of a third-degree felony offense and affirm the trial court's judgment, as modified.


Ralph K. Burgess
Justice

Date Submitted: September 4, 2018
Date Decided: September 19, 2018

Do Not Publish